United States District Court
Southern District of Texas
**ENTERED**
December 18, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Kelli Minson, § § § § § § § §<br>*Plaintiff,*<br><br>v.<br><br>Walmart Stores Texas, LLC,<br>*Defendant.* | Civil Action H-21-1781 |

## MEMORANDUM AND ORDER

Pending before the court are Defendant's First Amended Motion for Summary Judgment, ECF No. 35, and Defendant's Motion to Strike Plaintiff's Affidavit, ECF No. 40. The parties consented to the jurisdiction of the undersigned magistrate judge for all purposes, including entry of judgment. ECF Nos. 44, 45. The court has considered the motions, the responses, and the applicable law. The motion to strike is **DENIED** and the motion for summary judgment is **GRANTED**.

### 1. *Factual Background*

Minson alleges that she fell on "black ice" (or, in her words, "ice that could not always be seen") on February 16, 2021, while exiting her truck to pump gas at Walmart.[1] Pl.'s 1st. Am. Orig. Compl., ECF No. 13 at 2. The parties agree that the fall took place during Winter Storm Uri, which affected Texas and the Houston area. *See id.*; ECF No. 35 ¶ 2. The court also takes judicial notice of that fact.

---

[1] Minson's original complaint named Walmart, Inc. ECF No. 1 at 1. Minson's live, amended complaint omitted Walmart, Inc., and named only Walmart Stores Texas, LLC, as a defendant. ECF No. 13 at 1. Thus, Walmart Stores Texas, LLC, is the sole defendant in this lawsuit.

Minson testified that she lost power at her home during the ice storm and knew that "[T]here was ice everywhere." Minson's Dep., ECF No. 35-1 at 12, 56. She knew that ice was slippery and did not need a cone out to warn her that there was ice on the ground. *Id.* at 66. Minson hopped down from her truck with both feet and both "just went right out from underneath" her. *Id.* at 20. In an attempt to prevent her fall, Minson grabbed the truck's doorframe and extended one hand down. *Id.* Among other injuries, Minson suffered a torn rotator cuff, a broken shoulder, and a broken wrist. *Id.*

### 2. *Motion to Strike*

Walmart moves to strike Minson's affidavit, ECF No. 36-2, under the sham affidavit doctrine. ECF No. 40. Walmart argues that Minson's affidavit supporting her response to Walmart's motion for summary judgment contradicts her deposition testimony because: (1) her affidavit refers to "black ice" while her deposition testimony does not; (2) her affidavit states that she was "standing" at the store entrance when speaking with employees while her deposition testimony is that she remained in her truck; and (3) her affidavit states that she was "stepping out" of her truck to get gas while her deposition testimony is that she "hopped out" of her truck. ECF No. 40 at 1–2. As discussed next, the court concludes that naturally accumulating ice, whether visible or not, does not qualify as an unreasonably dangerous condition for purposes of a premises liability claim. The problems Walmart raises with respect to Minson's affidavit relate only to whether the ice was an open and obvious condition—an issue the court does not reach. The motion to strike, ECF No. 40, is therefore **DENIED** as **MOOT**.

### 3. *Summary Judgment Standard*

"Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the nonmovant, 'the movant

2

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Davenport v. Edward D. Jones & Co.*, 891 F.3d 162, 167 (5th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). No genuine issue of material fact exists if a rational jury could not find for the nonmoving party based on the complete record. *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Initially, "[t]he movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). If this burden is met, the nonmovant must "go beyond the pleadings," using competent summary judgment evidence to cite "specific facts" showing a genuine issue for trial. *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)).

The court reviews all evidence and reasonable inferences in the light most favorable to the nonmoving party. *See Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). The court does not have a duty "to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010) ("Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports [the] claim.").

"[C]onclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence'" are not enough to defeat a properly supported motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting

3

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "[T]here must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### *4. Summary Judgment Analysis*

Minson sued Walmart under theories of negligence, premises liability, and respondeat superior, but the parties now agree, and the court concludes, that Minson's claim is for premises liability only. *See* July 13, 2023 Hr'g Audio; *see generally Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016) (stating that a plaintiff's claim is for premises liability when the injury results from the property's condition rather than a contemporaneous, negligent activity on the property).

In a premises liability case, the duty owed by a landowner depends on the plaintiff's legal status on the property. An invitee is a person who enters another's land with the owner's knowledge and for the mutual benefit of both. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975) (citation omitted). Minson, a would-be customer at Walmart, was an invitee. *See Carlisle v. J. Weingarten, Inc.*, 152 S.W.2d 1073, 1075 (Tex. 1941). The parties, citing the legal standard applicable to invitees, agree. ECF No. 35 at 3; ECF No. 36 at 5.

In order to prevail, "the invitee plaintiff must show that[:] (1) the owner had actual or constructive knowledge of the condition at issue; (2) the condition was unreasonably dangerous; (3) the owner did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm; and (4) the owner's failure to reduce or eliminate the unreasonable risk of harm proximately caused the plaintiff's injuries." *United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800, 802 n.4 (Tex. 2022).

Walmart argues that, as a matter of law, the icy condition did not pose an unreasonable risk of harm because it accumulated

4

naturally. ECF No. 35 at 4–6. Walmart also argues that it owed no duty to warn or remedy the icy condition because it was an open and obvious condition on the premises. *Id.* at 6–9. Because the court concludes that the naturally accumulated ice did not pose an unreasonable risk of harm, the court need not address whether the condition was open and obvious.

The Texas Supreme Court has held that "naturally occurring ice that accumulates without the assistance or involvement of unnatural contact is not an unreasonably dangerous condition sufficient to support a premises liability claim." *Scott & White Mem'l. Hosp. v. Fair*, 310 S.W.3d 411, 414 (Tex. 2010). Generally, a natural accumulation of ice "is one which accumulates as a result of an act of nature[,]" whereas an unnatural accumulation "refer[s] to causes and factors *other than* the inclement weather conditions . . . *i.e.*, to causes other than the meteorological forces of nature[.]" *Id.* at 415 (quoting *Coletta v. Univ. of Akron*, 550 N.E.2d 510, 512 (1988); *Porter v. Miller*, 468 N.E.2d 134, 136 (1983)).

There is no fact issue about how the ice accumulated. It was from the storm. Minson testified that "there was ice everywhere" during Winter Storm Uri. ECF No. 35-1 at 16, 56. She also agreed that, on the day she fell, "I don't think there's any way you could prevent the ice from being on the ground, . . . " *Id.* at 55. Minson does not present any evidence that the ice accumulated by any means other than the storm itself. As a result, under Texas law the ice was not an unreasonably dangerous condition.

Minson argues that "When the otherwise natural condition has in any way been changed or affected by human hands, a fact issue precludes summary judgment based on the rule announced in *Fair*." ECF No. 36 at 8. Minson cites *Hoyt v. Lane Construction Company* in support of that proposition and states that in *Hoyt*, the "question of whether ice was somehow affected by construction work done by [the] defendant raised [a] fact issue precluding

5

summary judgment under *Fair*[.]" The court disagrees with Minson's reading of *Hoyt*. The critical question in *Hoyt* was not whether the ice patch was *affected* by the defendant's construction but whether the ice patch was *created* by the defendant's construction. *See Hoyt*, 927 F.3d at 298–99 (relying on *Fair* to draw the stated distinction).

In *Fair*, the Texas Supreme Court considered whether the defendant's use of a salt deicer on defendant's property rendered the natural ice no longer natural. 310 S.W.3d at 414. The court concluded that it did not and stated, "In other words, salting, shoveling, or applying deicer to a natural ice accumulation does not transform it into an unnatural one. To find otherwise would punish business owners who, as a courtesy to invitees, attempt to make their premises safe." *Id.* at 419. In *Hoyt*, the Fifth Circuit found summary judgment inappropriate when the evidence showed that the icy, injury-causing condition, rather than being a natural accumulation, was created by the defendant's own conduct. *See Hoyt v. Lane Construc. Corp.*, 927 F.3d 287 (5th Cir. 2019). In that case, the plaintiffs "pointed to summary judgment evidence that the ice patch ... accumulated through *unnatural* conditions—namely, [the defendant's] construction activities at the crash site." *Id.* at 298. Witnesses "testified that the ice patch that killed [the plaintiff] was the only patch of ice along a 20-mile stretch of highway." *Id.* at 299. The Fifth Circuit concluded that "This testimony... creates a material dispute of fact regarding whether the ice patch formed naturally." *Id.*

In this case, there is no question that the ice accumulated naturally. There is also no evidence that Walmart did anything to alter the condition of the ice. But even had Walmart applied deicer or attempted to shovel the ice off the driveway, under Texas law, the ice is still a natural accumulation and therefore not unreasonably dangerous.

Walmart's motion for summary judgment, ECF No. 35, is **GRANTED**.

### 5. *Conclusion*

For the foregoing reasons, Defendant's Motion to Strike Plaintiff's Affidavit, ECF No. 40, is **DENIED**, and Defendant's First Amended Motion for Summary Judgment, ECF No. 35, is **GRANTED**.

Signed at Houston, Texas on December 17, 2023.

_____
Peter Bray
United States Magistrate Judge